The ANDREW JERGENS COMPANY, Respondent, *v.* JOHN H. WOODBURY et al., Appellants.

Contract — injunction — proprietary or trade name — erroneous granting of injunction restraining use of trade name on articles not specified in contract. ·

Where a contract authorized the purchaser of a business to use a certain proprietary or trade name only when applied to the several commodities expressly specified therein, the purchaser may have an injunction restraining the vendor from selling, or offering to sell, under an adaptation of the proprietary and trade name, a preparation resembling an article specified in the contract where such name is calculated to deceive and mislead the public; an injunction goes too far, however, when it forbids the vendor from using the proprietary name on or in connection with other articles, where such use is not deceptive or misleading.

*Jergens Co.* v. *Woodbury,* 128 App. Div. 924, modified.

(Argued December 8, 1909; decided December 17, 1909.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 13, 1908, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought to obtain an injunction restraining the defendants from the use of the name "Woodbury" in connection with the sale of soap in such manner as to mislead the public into the belief that they were purchasing an article manufactured by plaintiff. The Special Term judgment perpetually restrained and enjoined the defendants, their agents or servants from manufacturing, selling or offering for sale, or from participating in any manner or aiding or abetting the manufacture, sale or offer for sale of any soap under the name "Woodbury," or under any name which contains "Woodbury" as any part thereof, or any soap so manufactured, wrapped or vended as to lead or be calculated or designed to mislead the public or the trade to believe that the same is "Woodbury's Soap" or "Woodbury's Facial Soap," or the soap manufac-

tured by plaintiff under the name " Woodbury," or a new or improved brand thereof.

*D-Cady Herrick, George Bell* and *Benjamin Patterson* for appellants.

*Roswell S. Nichols* for respondent.

*Per Curiam.* The contract which is the basis of the plaintiff's right to use the name Woodbury entitled them to use that name only when applied to the several commodities expressly specified therein. It leaves the defendants entitled to use that name as applied to any other articles which they manufacture and sell except such as so resemble the articles specified in the contract that they are calculated to deceive and mislead the public to believe that they are identical with those named in the contract. The trial court has found that the article manufactured and sold by the defendants as " Woodbury's New Skin Soap " is thus calculated to deceive and mislead the public. That finding has been unanimously affirmed by the Appellate Division and hence is conclusive upon this court. It follows that the injunction embodied in the judgment is right so far as it is effectual to restrain the defendants from using the name Woodbury in connection with any of the articles specified in the contract and also so far as it restrains them from making and selling " Woodbury's New Skin Soap." It goes too far, however, in forbidding the defendants from using the name Woodbury on other soaps or in connection with other articles where such use is not deceptive or misleading.

The judgment should be modified by striking therefrom the restraining paragraph and substituting therefor the following: " Adjudged and decreed that the defendants John H. Woodbury and the Woodbury-McGrath Company, and their respective agents, servants, attorneys, officers and employees and all persons claiming under them or either of them since June 13, 1901, be perpetually restrained and enjoined from selling or offering for sale the soap known as Woodbury's

New Skin Soap or any other soap under such a name or designation, or put up or prepared in such a manner as to be calculated to lead the public or trade to believe that in purchasing said soap they are purchasing Woodbury's Facial Soap or a new brand thereof."

As thus modified the judgment is affirmed, without costs.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Judgment accordingly.